IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TEAM TIRES PLUS, LTD., a
Minnesota corporation,

        Plaintiff,

vs.                                              CIVIL NO. 01-1124 JP/RLP

TIRES PLUS, INC., a New Mexico
corporation,

        Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER having come before the Court on Plaintiff's Motion to Exclude Testimony and Reports of Expert Witness George F. Rhodes, Jr. **(Docket No. 59)** and Plaintiff's Motion to Exclude Testimony and Report of Expert Witness Bruce F. Malott **(Docket No. 77)**, the Court having read said motions, the memoranda in support of and opposition to said motions and otherwise being fully advised, finds that the motions are not well taken and will be **DENIED.**

The two motions before the Court address the appropriateness of expert testimony. *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993) established a "gatekeeper" function for trial judges under Fed.R.Evid. 702. The trial judge must determine whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue. *Daubert,* 509 U.S. at 592. This gatekeeper function requires the judge to assess the reasoning and methodology underlying the expert's opinion, and determine whether it is scientifically valid and

applicable to a particular set of facts.  See id.

## BRUCE MALOTT, CPA

Mr. Malott is a practicing CPA with 22 years of experience.  He is the managing principal of Myners & Co., a nationally recognized accounting and consulting firm, which provides expertise in specialized areas such as litigation and valuation services and audit and business services.  Mr. Malott has specialized training in financial investigations and has worked in the area of forensic accounting.  Plaintiff does not contest Mr. Malott's qualifications as a CPA.  Rather, Plaintiff contests whether Mr. Malott's analysis and calculations on the profit and loss of Defendant's business will be helpful to the trier of fact.

It is clear that the analysis of the financial statements and tax returns of Defendant for the purpose of calculating profit and loss realized by Defendant in the operation of its retail tire stores and automotive services centers from 1986 through 2001 is relevant.  Further, it is clear that this data presents complex data for any trier of fact to understand and analyze and Mr. Malott's particular expertise would be helpful in understanding this complex data.  CPAs routinely analyze financial statements and analyze profit and loss statements in order for lay persons to properly and efficiently understand complex financial data.

## GEORGE RHODES, JR., Ph.D.

George Rhodes, Jr., Ph.D. is a defense witness offered for two principle purposes.  First, Dr. Rhodes evaluated channels of trade associated with the services recited in Plaintiff's registration.  Secondly, Dr. Rhodes rebutted a number of opinions of Plaintiff's expert, James Nelems.

Plaintiff does not object to Dr. Rhodes' credentials as an economist or statistician.

However, Plaintiff maintians Dr. Rhodes is not qualified to deliver the opinions he maintains in this case, that his opinions will not assist the Court in understanding the evidence and that Dr. Rhodes' opinions improperly seek to invade the province of the Court in determining whether it is likely that confusion, mistake or deception will be caused by Plaintiff's and Defendant's concurrent use of their respective Tires Plus marks.

Defendant designated Dr. Rhodes as an expert "to review the business services offered by both plaintiff and defendant during the years of the registrations at issue, to evaluate the types of services offered, targeted customers, class of consumers and channels of trade." Plaintiff maintains that Dr. Rhodes must have a foundation in the relevant fields in this case, namely, franchising, the tire and automobile service business and trademark law.

There is no question that Dr. Rhodes is qualified as an expert in the field of economics. The issues relating to business services, customers and channels of trade are clearly economic issues that Dr. Rhodes has the expertise to analyze and opine. Specific expertise in franchising, the tire and automotive business and trademark law is not necessary to understand and analyze channels of trade and the consumer issues associated with it.

Expert analysis of channels of trade and its associated issues will be helpful to the trier of fact related to Plaintiff's trademark registration no. 1,237,623. An economic analysis of the channels of trade of services covered by the trademark registration will aid the trier of fact in understanding the consumers of services, how consumers are identified and related economic issues.

Another objection to Dr. Rhodes' testimony is that some of his opinions invade the

province of the Court.  Dr. Rhodes' analysis and opinions do not offer comment on trademark law *per se*.  His opinions squarely focus on channels of trade issues that are boldly economic issues that do not invade the province of the Court on the ultimate legal issues in the case.

Finally, Dr. Rhodes' criticism of Mr. Nelems' survey results is based upon his expertise in statistics and is an appropriate area of inquiry given Dr. Rhodes' background in statistical analysis.

In order to determine whether these two expert opinions are admissible, the district court is required to undergo a two-step analysis.  First, the Court must determine whether the expert is qualified by "knowledge, skill, expertise, training, or education" to render an opinion.  See Fed.R.Evid. 702.  Second, if the expert is qualified, the Court must determine whether the opinions are reliable under the principles set forth under *Daubert*, 509 U.S. 579 and *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137 (1999).  The Court finds that Mr. Malott and Dr. Rhodes' testimony is appropriate under these standards as set forth hereinabove.

**IT IS THEREFORE ORDERED** that Plaintiff to Exclude Testimony and Report of Expert Witness Bruce F. Malott is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff to Exclude Testimony and Reports of Expert Witness George F. Rhodes, Jr. is **DENIED.**

**IT IS SO ORDERED.**

RICHARD L. PUGLISI
United States Magistrate Judge